WEIMER, J.,
dissenting.
hi dissent because I believe relator established justification for an evidentiary *355 hearing, and I would remand for such. In my view, two of relator’s claims of ineffective assistance of counsel require a remand for an evidentiary hearing: (1) that trial counsel’s investigation was deficient because of a failure to interview and/or present several witnesses whose testimony would have bolstered a purely argumentative defense; and relatedly, (2) that counsel erred by not presenting any evidence to undermine the state’s amateur blood spatter expert, whose opinion testimony put relator in the “shooter’s seat” in the murder of a taxi driver.
According to the record presently before this court, trial counsel failed to interview a number of witnesses who could support the defendant’s claim that another individual, Elbert Ratcliff, not relator, was actually the shooter.[1] With no witnesses to support that claim, trial counsel presented no evidence in the guilt phase, instead offering a purely argumentative defense and cross-examining some of the state’s witnesses.
|gThe standard for effective assistance of counsel was set forth in the seminal case: Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Strickland, the Court held: “counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.” Id., 466 U.S. at 691, 104 S.Ct. 2052. Notably, although counsel’s pre-trial decisions can impact later trial strategy, the Court’s analysis distinguished counsel’s duty to investigate from counsel’s strategic approaches to the trial, explaining “a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel’s challenged conduct on the facts of the particular case, viewed as of the time of counsel’s conduct.” Id., 466 U.S. at 690, 104 S.Ct. 2052. The Supreme Court has recently affirmed this principle, explaining in a unanimous opinion that it was not a strategic or excusable choice for counsel to turn a blind eye to the need for procuring expert testimony to rebut the prosecution’s theory that the defendant shot three victims. See Hinton v. Alabama, — U.S. -, 134 S.Ct. 1081, 1088, 188 L.Ed.2d 1 (2014).
Here, relator identifies eight people who could either testify to Ratcliffs role as the lone shooter or could even serve as potential leads to others with that information. Trial counsel, however, interviewed none of them. Most notably, Anthony Curtis, who was present immediately after the shooting, would apparently have testified that he saw Ratcliff exit the taxi holding a gun, while relator exited and ran, and Rat-cliff remained nearby bragging about shooting the taxi driver.
If counsel had obtained witnesses who could provide direct evidence that Ratcliff was the shooter, that could have eliminated the need to procure an expert who might refute the prosecution’s presentation of a police detective as a purported blood spatter expert. The detective opined that the presence of a drop of blood on relator’s hat, along with evidence that “blow back matter” was “confined to the left side of the car,” meant that the defendant was the shooter. The prosecution’s reliance on the 1 «¡detective to establish so many predicates for placing the defendant in the shooter’s seat in the taxi seems to lack scientific validity and seems somewhat amateurish, *356 given the gravity of the question of who was the actual shooter. Thus, without interviewing the potential witnesses who would establish Ratcliff as the shooter, trial counsel instead compounded the significance of her own failure to procure “knowledgeable” expert testimony under her duty as described in Hinton, 134 S.Ct. at 1088.
Trial counsel’s failure to even interview the potential witnesses cannot be justified as a trial strategy. See Strickland, 466 U.S. at 690-91, 104 S.Ct. 2052 (“[Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; strategic choices made after less than complete investigation are reasonably precise to the extent that reasonable professional judgments support the limitations on investigation.”). Recalling that counsel ultimately presented no witnesses at trial to support the defense’s theory that defendant was not the shooter, it is reasonable to infer that had even several of the eight potential witnesses testified in support of that theory, such could have dissuaded the jury from the imposition of the death penalty. See State v. Louviere, 00-2085, p. 19 n.15 (La. 9/4/02), 833 So.2d 885, 899 n.15 (“the issue of moral culpability remains one of the significant issues in capital sentencing.”) (citing, inter alia, Enmund v. Florida, 458 U.S. 782, 801, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982): “For purposes of imposing the death penalty, [defendant’s] criminal culpability must be limited to his participation ..., and his punishment must be tailored to his personal responsibility and moral guilt.”).
In conclusion, I find that there are serious questions in this death penalty case as to whether trial counsel’s performance was inadequate and prejudiced relator to the extent that trial was rendered unfair and the verdict suspect. Pursuant to La. C.Cr.P. |4art. 930, “[a]n evidentiary hearing for the taking of testimony or other evidence shall be ordered whenever there are questions of fact which cannot properly be resolved” on the documentary evidence. See also La. C.Cr.P. arts. 928 and 929. Because the right to effective counsel is constitutionally guaranteed, I find the district court abused its discretion in declining to hold an evidentiary hearing. See La. Const. art. I, C 13; see also State v. Paul, 15-2278, p. 1 (La. 11/2/16), 202 So.3d 995 (granting writs to remand post-conviction petitioner’s actual innocence claim for consideration after an evidentiary hearing; implicitly concluding the district court abused its discretion when it declined to order a hearing to assess the merits of the claim),[2] and State ex rel. Rice v. State, 99-0496, p. 1 (La. 11/12/99), 749 So.2d 650, 650 (mem.) (appellate courts review district court procedural decisions on post-conviction applications for abuse of discretion).
Accordingly, I would remand for an evi-dentiary hearing at which relator would have the burden of proving that counsel rendered ineffective assistance pursuant to the well-settled standard set out in Strickland, 466 U.S. at 668,104 S.Ct. 2052. Thus, I respectfully dissent.
Hughes, J., dissents for the reasons assigned by Weimer, J.

. Relator has supported his claims of ineffective assistance with an affidavit in which trial counsel has conceded her failure to interview witnesses and has candidly admitted her lack of confidence in the only investigator assigned to help her prepare for the trial in the guilt phase. Trial counsel attested that this was just her second capital trial, which occurred at a time when she was admittedly "very busy.”

. At the time of writing, an application for rehearing in Paul is pending in this court.